United States District Court
Southern District of Texas
**ENTERED**
May 28, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| ANDREW J MITCHELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:26-cv-127 |
| | § | |
| EMERALD GROUP HOLDINGS LLC, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING MAGISTRATE JUDGE'S
MEMORANDUM AND RECOMMENDATION**

On April 23, 2026, all pretrial matters in this case were referred to United States Magistrate Judge Andrew M. Edison under 28 U.S.C. § 636(b)(1). Dkt. 7. Judge Edison filed a memorandum and recommendation sua sponte on May 4, 2026, recommending that the court order the conditional dismissal of this lawsuit without prejudice unless the plaintiff appears through licensed counsel within 30 days from the date the memorandum and recommendation is adopted. Dkt. 10.

On May 15, 2026, the plaintiff filed his objections to the memorandum and recommendation. Dkt. 13. The plaintiff simultaneously filed a motion for appointment of counsel and a motion to stay, requesting the same relief requested in his objections. Dkts. 14, 15. Because these motions request the same relief requested in the plaintiff's objections, the court will address these two motions alongside the plaintiff's objections. In accordance with 28 U.S.C. § 636(b)(1)(C), this court is required to "make a de novo determination of those portions of the [magistrate

judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The court has carefully considered the objections; the memorandum and recommendation; the pleadings; and the record. The court accepts Judge Edison's memorandum and recommendation and adopts it as the court's opinion.

The plaintiff first objects that Judge Edison misapplied certain authorities cited in his memorandum and recommendation, and that he treated as controlling authority the opinion issued in *M2 Technology, Inc. v. M2 Software, Inc.*, 589 F. App'x 671 (5th Cir. 2014). Dkt. 13 at 2–3. This objection is overruled. "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993). It is this centuries-old, binding precedent that underpins Judge Edison's memorandum and recommendation.

Binding Fifth Circuit authority is not required for this court to follow the uniform rule adopted by every federal court to confront the issue: where "the lay individual chose to accept the advantages of incorporation," he "must now bear the burdens of that incorporation; thus, he must have an attorney present the corporation's legal claims." *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 23 (2d Cir. 1983) (quotation omitted). The plaintiff claims to bring his case as "the owner

and sole member of Mitchell Adjusting International LLC." Dkt. 1 at 2. To the extent that the plaintiff has a personal claim against the defendants, the plaintiff will be given leave to amend to make clear the claims that he possesses in his individual capacity. But the only way that the plaintiff can advance claims belonging to his LLC is through licensed counsel; an assignment cannot be made to defeat this rule.

The plaintiff next objects that he has standing as the real party in interest under *Sprint Communications Co. v. APCC Services, Inc.*, 554 U.S. 269 (2008). This objection is overruled. *Sprint* did not address whether a non-lawyer may proceed pro se on behalf of a limited liability entity and has no bearing here. Nor does the plaintiff's federal restitution obligation provide a basis for the plaintiff, a non-lawyer, to prosecute his LLC's claims.

The plaintiff also objects that Judge Edison wrongly recommended dismissal without first affording the plaintiff an opportunity to cure under Rule 17(a) and *Wieburg v. GTE Southwest Inc.*, 272 F.3d 302 (5th Cir. 2001). This objection is overruled. Unlike here, the court in *Wieburg* dismissed the action outright. Judge Edison recommended *conditional* dismissal if the plaintiff does not appear through licensed counsel within 30 days. If the plaintiff appears through licensed counsel, the action will not be dismissed. If the plaintiff does *not* appear through licensed counsel, the action will be dismissed, but *only* once the 30 days have passed. Conditional dismissals are a standard means for dealing with the substitution of the real party in interest. *See, e.g., Wright v. Sears Roebuck & Co.*, No. CIV.A. 09-1498, 2010 WL 6032803, at *5 (W.D. La. Oct. 19, 2010)

(holding that the remedy under Rule 17 is conditional dismissal unless the real party in interest joins the litigation), *report and recommendation adopted*, No. CIV.A. 09-1498, 2011 WL 867252 (W.D. La. Mar. 10, 2011).

In the plaintiff's third objection, he argues that he "has direct individual-capacity injuries as the natural-person federal restitution debtor whose designated funding source these receivables constitute." Dkt. 13 at 4 (cleaned up). This objection is overruled. The plaintiff argues that 18 U.S.C. § 3664(m)(1)(A) "contemplates assignment of corporate receivables to the natural-person defendant as a means of satisfying [a restitution] obligation." Dkt. 13 at 4. That statutory provision says no such thing; rather, it states that an "order of restitution may be enforced . . . by all other available and reasonable means." 18 U.S.C. § 3664(m)(1)(A). Because assignments may not defeat the requirement that business entities appear through licensed counsel, the plaintiff's appearance on behalf of his LLC is not an available and reasonable means to prosecute his LLC's claims. As for the plaintiff's other arguments as to why he has claims in his individual capacity against the defendants, the plaintiff will be given leave clarify those claims. But the plaintiff may not prosecute claims belonging to his LLC, even as its assignee, except through counsel.

In his final objection, the plaintiff argues that Judge Edison should have considered appointing counsel under 28 U.S.C. § 1915(e)(1) and *Naranjo v. Thompson*, 809 F.3d 793 (5th Cir. 2015). This objection is overruled. The United States Supreme Court held more than 30 years ago that § 1915 extends only to natural persons. *See Rowland*, 506 U.S. at 208. Thus, the court has no power to appoint

counsel to a corporate plaintiff—or to a non-lawyer attempting to assert a corporate plaintiff's claims—under § 1915.

While the Fifth Circuit has recognized a district court's "inherent power to appoint counsel for an insolvent corporate criminal defendant," this court is unaware of any authority that would support appointing counsel for a corporate *plaintiff* in *civil* litigation. *Naranjo*, 809 F.3d at 802. Assuming the court has such inherent power, the court declines to use it. If the value of this litigation is as great as the plaintiff believes, he should have no difficulty securing counsel on a contingency basis. For this reason, the court also declines to appoint counsel to the plaintiff in his individual capacity.

It is therefore ordered that:

(1)    Judge Edison's memorandum and recommendation, Dkt. 10, is approved and adopted in its entirety as the holding of the court;

(2)    The plaintiff has 30 days from the date of this order to file an amended complaint asserting claims solely in his individual capacity and not as his LLC's sole member or as an assignee of the LLC's claims;

(3)    The plaintiff's motion for appointment of counsel, Dkt. 14, is denied;

(4)    This case is conditionally dismissed unless, within 30 days from the entry of this order, the plaintiff appears through licensed counsel to pursue his LLC's claims or files an amended complaint asserting only individual claims against the defendants and not as his LLC's sole member or as an assignee of his LLC's claims; and

(5)    The plaintiff's motion to stay, Dkt. 15, is granted, in that all other deadlines in this case are stayed for the next 30 days.

SIGNED on Galveston Island this 27th day of May 2026.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE